UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**EDWARD J. CLOOS, III**   CASE NO. 6:21-CV-01714

**VERSUS**   JUDGE ROBERT R. SUMMERHAYS

**COMMISSIONER OF SOCIAL SECURITY**   MAGISTRATE JUDGE HANNA

RULING

Before the Court is a Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6), filed by Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration ("the Commissioner").[1] In accordance with the standing orders of the Court, the motion was assigned to the Magistrate Judge for Report and Recommendation ("R&R"). The Magistrate Judge recommended that the motion be denied as moot as to certain claims and granted as to the remaining claims, finding that the Court lacks subject-matter jurisdiction with regard to the latter claims.[2] Plaintiff Edward J. Cloos, III objects to the Report and Recommendation, and Defendant has responded to Plaintiff's objections.[3] After a de novo review, the Court CONCURS with the Magistrate Judge's conclusions in the R&R but for slightly different reasons, as set forth below.

I.
BACKGROUND

The Plaintiff in this lawsuit is Edward J. Cloos, III, a Louisiana-licensed attorney with a practice concentrating on the representation of claimants seeking benefits and other relief from the

---

[1] ECF No. 5.
[2] *See* Report and Recommendation, ECF No. 10 at 11.
[3] ECF Nos. 11, 12; *see also* ECF No. 15.

Social Security Administration (the "Agency").[4] Cloos brought this lawsuit seeking a writ of mandamus to compel the Commissioner to take various actions in connection with the claims of thirteen separate claimants whom he represents before the agency. He additionally purports to assert claims under the Administrative Procedure Act. The Commissioner has filed a motion to dismiss based upon its assertion that the Court lacks subject-matter jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted.

The Magistrate Judge issued an R&R recommending that the motion be denied as moot with respect to the claims asserted in connection with five claimants whom Cloos represents. The Court adopts that recommendation.[5] The Magistrate Judge recommends the motion be granted with respect to the remaining claims. As to those claims, the Magistrate Judge found the Court lacks subject-matter jurisdiction.[6] More particularly, the Magistrate Judge found the Court lacks subject-matter jurisdiction over Cloos' claim for an order of mandamus, because the acts Cloos seeks to compel constitute duties owed to the claimants, rather than duties owed to Cloos as their representative, and therefore "Mr. Cloos did not allege a cause of action within the parameters of the mandamus statute's grant of subject-matter jurisdiction."[7] The Magistrate Judge additionally found that Cloos' claims asserted under the Administrative Procedures Act "do not fall within the scope of an APA cause of action under the cited statutes, and [therefore] Mr. Cloos did not satisfy his burden of showing that the court has subject-matter jurisdiction under the federal question statute, 28 U.S.C. § 1331."[8]

---

[4] ECF No. 1 at 1 ¶ 3.
[5] *See* ECF No. 1, ¶¶ 7, 9-10, 15 and 17. These claims were either resolved or withdrawn prior to issuance of the R&R. *See* ECF No. 9 at 2-3. Plaintiff does not object to the recommendation that these claims be dismissed as moot. *See* ECF No. 11.
[6] ECF No. 10 at 11.
[7] *Id.* at 8.
[8] *Id.* at 10.

## II.
### STANDARD OF REVIEW

**A.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction—Rule12(b)(1)**

Motions filed under FED. R. CIV. P. 12(b)(1) permit a party to challenge a court's subject-matter jurisdiction to hear a case. A district court may dismiss an action for lack of subject-matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.[9] The burden of proof is on the party asserting jurisdiction.[10] "At the motion-to-dismiss stage, this means 'alleg[ing] a plausible set of facts establishing jurisdiction.'"[11]

**B.     Motion to Dismiss for Failure to State a Claim—Rule 12(b)(6)**

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam.[12] Such a motion "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."[13] To overcome a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.[14] The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] Although a complaint does not need detailed factual

---

[9] *Willoughby v. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).
[10] *McMahon v. Fenves*, 946 F.3d 266, 270 (5th Cir. 2020); *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist").
[11] *McMahon* at 270 (alteration in original) (quoting *Physician Hosps. of Am. v. Sebelius*, 691 F3d 649, 652 (5th Cir. 2012)).
[12] *Ramming*, 281 F.3d at 161.
[13] *Id.* at 161–62.
[14] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level," and not

allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[16] A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements" will not suffice.[17] Likewise, a complaint that tenders "naked assertions devoid of further factual enhancement" will not survive a Rule 12(b)(6) motion.[18]

When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[19] However, this tenet does not apply to conclusory allegations, unwarranted deductions, or legal conclusions couched as factual allegations, as such assertions do not constitute "well-pleaded facts."[20] In considering a Rule 12(b)(6) motion, the district court generally "must limit itself to the contents of the pleadings, including attachments thereto."[21] One exception to this rule is that district courts "may permissibly refer to matters of public record."[22]

### III.
### LAW AND ANALYSIS

**A.    Standing**

    **1.    Constitutional Standing**

Standing—*i.e.* "the power of the court to entertain the suit"—is the "threshold question in every federal case."[23] Article III of the United States Constitution limits the jurisdiction of federal

---

merely create "a suspicion [of] a legally cognizable right of action.") (quoting 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, pp. 235-36 (3d ed. 2004)).
[16] *Id.*
[17] *Twombly*, 550 U.S. at 555.
[18] *Iqbal* at 678 (internal quotation marks, alterations omitted) (quoting *Twombly* at 557).
[19] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted); *see also Iqbal* at 679 ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.")
[20] *Twombly* at 555; *Iqbal* at 678.
[21] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[22] *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).
[23] *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

courts to "Cases" and "Controversies."[24] Standing to sue is one of the doctrines developed in the caselaw to ensure federal courts do not exceed their limited authority over cases and controversies.[25] Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong."[26] In its simplest terms, "the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."[27] The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[28] To establish an injury in fact, "a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[29] The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements.[30] Further, a plaintiff must have standing for each claim asserted and for each form of relief sought.[31] At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element."[32] A dismissal for lack of constitutional standing is appropriately addressed under FED. R. CIV. P. 12(b)(1).[33]

---

[24] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting U.S. Const., Art. III, § 2).
[25] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).
[26] *Spokeo* at 338.
[27] *Warth*, 422 U.S. at 498.
[28] *Spokeo* at 338.
[29] *Id.* at 339 (quoting *Lujan* at 560). Injury that has not yet occurred must be "certainly impending" or must pose a "substantial risk" that the harm will occur. *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409, 414 n.5 (2013).
[30] *Spokeo* at 338.
[31] *Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *El Paso County, Texas v. Trump*, 982 F.3d 332, 338 (5th Cir. 2020).
[32] *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)).
[33] *Harold H. Huggins Realty*, 634 F.3d at 795 n.2.

### 2. Prudential Standing

In addition to Article III standing "which enforces the Constitution's case-or-controversy requirement," a plaintiff must also show prudential standing "which embodies 'judicially self-imposed limits on the exercise of federal jurisdiction.'"[34] Prudential standing requires a party to "assert his own legal rights and interests" and not "rest his claim to relief on the legal rights or interests of third parties."[35] This rule generally applies "even when the very same allegedly illegal act that affects the litigant also affects a third party."[36] As this rule is "prudential" rather than constitutional, it does not involve the Constitution's case or controversy requirement.[37] The purpose of this rule is to ensure that courts do not adjudicate a third party's rights unnecessarily and to ensure that the party bringing suit has the appropriate incentive to challenge the defendant's action and will do so "with the necessary zeal and appropriate presentation."[38] The third party standing rule is not absolute.[39] A party who satisfies Article III's standing requirements may seek to enforce the legal rights of a third party if he or she makes two additional showings: (1) the party must establish a close relationship with the third party, such that "their interests coincide"; and (2) the party must identify a "genuine obstacle preventing the third party from protecting his or her

---

[34] *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 801 (5th Cir. 2012) (alteration omitted) (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004)).
[35] *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth*, 422 U.S. at 499); *see also Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 n.3 (2014) (Third party standing is closely related to the concept of "right of action.")
[36] *U.S. Dep't of Labor v. Triplett*, 494 U.S. 715, 720 (1990) (citing *United States v. Payner*, 447 U.S. 727, 731-32 (1980)). However, third party standing has been held to exist where "enforcement of a restriction against the litigant prevents a third party from entering into a relationship with the litigant (typically a contractual relationship), to which relationship the third party has a legal entitlement (typically a constitutional entitlement)." *Id.*
[37] *June Medical Services LLC v. Russo*, 140 S.Ct. 2103, 2117 (2020) (citing *Kowalski* at 128-29).
[38] *Kowalski* at 129; *see also Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976).
[39] *Kowalski* at 129-30.

own interests."[40] A dismissal for lack of prudential standing is appropriately addressed under FED. R. CIV. P. 12(b)(6).[41]

**B.     Claims for Mandamus**

    **1.     Applicable Law**

As set forth in the Mandamus and Venue Act, "[t]he District Courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."[42] The Fifth Circuit holds that mandamus jurisdiction exists "if the action is an attempt to compel an officer or employee of the United States or its agencies to perform an allegedly nondiscretionary duty owed to the plaintiff."[43] An order of mandamus "commands the performance of a particular duty that rests on the defendant or respondent, by operation o[f] law or because of official status."[44] To state a claim for mandamus relief, a complaint must allege: (1) the plaintiff has a clear right to relief, (2) the defendant has a clear duty to act, and (3) no other adequate remedy exists.[45] With regard to the duty element, mandamus is appropriate only where "the duty is so plainly prescribed as to be free from doubt; thus, mandamus is not available to review discretionary acts of agency officials."[46] The third element "requires the exhaustion of any adequate administrative remedies before a court may issue mandamus."[47] Even where all three elements are satisfied, it is within the district court's discretion

---

[40] *In re Deepwater Horizon*, 857 F.3d 246, 252 n.25, 253 (5th Cir. 2017) (internal quotation marks, alteration omitted) (quoting *Powers v. Ohio*, 499 U.S. 400, 411 (1991); *Wauchope v. U.S. Dep't of State*, 985 F.2d 1407, 1411 (9th Cir. 1993); *Singleton v. Wulff*, 428 U.S. 106, 116 (1976)).
[41] *Harold H. Huggins Realty*, 634 F.3d at 795 n.2.
[42] 28 U.S.C. § 1361.
[43] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 766 (5th Cir. 2011).
[44] *Id.* (quoting 42 AM.JUR.2D *Injunctions* § 7).
[45] *Id.* at 768.
[46] *Id.* (internal quotation marks omitted) (quoting *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992)).
[47] *Id.*

to grant or deny the writ, due to the extraordinary nature of the remedy.[48] Because mandamus is an extraordinary remedy, the party seeking such relief bears the burden of showing "that its right to issuance of the writ is clear and indisputable."[49]

### 2. Analysis

#### a. Claims for which Plaintiff lacks prudential standing

The Court finds dismissal is warranted pursuant to Rule 12(b)(6) with regard to the following claims for relief: (1) judgment finding the handling of claims has been unreasonably delayed and ordering the Commissioner to act on claims;[50] (2) judgment finding the Appeals Council unlawfully withheld action on a claim and directing the Appeals Council to process and decide appeal;[51] (3) judgment ordering the Commissioner to process a request for hearing;[52] and (4) judgment ordering the Commissioner to process a reconsideration of claim.[53] These claims rest "on the legal rights or interests of third parties."[54] Therefore, in addition to constitutional standing, Plaintiff must plead: (1) that he has a close relationship with the possessor of the right, such that their interests coincide, and (2) that there is a "genuine obstacle preventing the third party from protecting his or her own interests."[55] Here, there are no allegations in the Complaint suggesting there is any hindrance to Plaintiff's clients' abilities to protect their own interests. Further, the

---

[48] *Id.*; *see also Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) ("It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases.")
[49] *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 384 (1953)).
[50] ECF No 1 at 3, 4-5, ¶¶ 8, 13.
[51] *Id.* at 5, ¶ 14.
[52] *Id.* at 5-6, ¶ 16.
[53] *Id.* at 6-7, ¶ 19.
[54] Prudential standing represents a "threshold question" which may be resolved before addressing Article III standing. *Tenet v. Doe*, 544 U.S. 1, 6 n.4; *see also Kowalski*, 543 U.S. at 129 (assuming constitutional standing while finding lack of prudential standing); *In re: Deepwater Horizon*, 857 F.3d at 252.
[55] *In re Deepwater Horizon*, 857 F.3d at 252 (internal quotation marks, alterations omitted); *see also Kowalski*, 543 U.S. at 129.

mere existence of an attorney-client relationship will not satisfy the relationship test.[56] "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."[57] Here, Plaintiff has failed to meet this threshold requirement, and therefore he has failed demonstrate that he has standing to assert these claims.[58] Accordingly, the foregoing claims will be dismissed for failure to state a claim.

        b.        **Remaining claims for mandamus relief**

The Court finds the following claims for relief are asserted on Plaintiff's own behalf: (1) judgment ordering the Commissioner to provide all required notices to Plaintiff, including notices regarding calculation and payment of attorney fees;[59] (2) judgment ordering the Commissioner to recognize Plaintiff's representation of Claimants;[60] (3) judgment ordering the Commissioner "to extend any deadlines for responding consistent with the furnishing of Notice";[61] and (4) judgment finding the Agency failed to comply with its mandatory duty to furnish Notice to Plaintiff.[62] To establish standing for these claims, Plaintiff must show he has suffered an injury in fact, the injury

---

[56] *Conn v. Gabbert*, 526 U.S. 286, 292 (1999) (attorney "clearly had no standing to raise the alleged infringement of the rights of his client").

[57] *Warth*, 422 U.S. at 518; *see also Spokeo*, 578 U.S. at 338 (a plaintiff must clearly allege facts demonstrating each element required to show standing); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record.") (internal citations, quotation marks omitted).

[58] The Court further notes it lacks subject matter jurisdiction to issue a judgment finding "the handling of the claim[s] has been unreasonably delayed" or finding the Appeals Council "unlawfully withheld action on [a] claim," *see* ECF No. 1 at ¶¶ 8, 13, 14, for a separate reason. These requests seek a declaratory judgment—not an order of mandamus. Section 1361 "only grants jurisdiction to consider a mandamus action; it does not grant jurisdiction to consider actions asking for other types of relief. . . ." *Randall D. Wolcott*, 635 F.3d at 766. Because Plaintiff invokes the Court's jurisdiction under § 1361, the Court finds it lacks jurisdiction to render declaratory relief.

[59] ECF No. 1 at 3-7, ¶¶ 8, 11-13, 18-19.

[60] *Id.* at 4, ¶ 11.

[61] *Id.* at 4, ¶ 11; *see also id.* at 6, ¶ 18.

[62] *Id.* at 6-7, ¶ 19.

is fairly traceable to the conduct of the defendant, and it is likely that the injury will be redressed by a decision in Plaintiff's favor.[63] "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported . . . with the manner and degree of evidence required at the successive stages of litigation."[64]

First, Plaintiff's request for a judgment finding that the Agency failed to comply with its mandatory duty to furnish him with notice (claim number 4, *supra*) is a request for declaratory judgment—not an order of mandamus. Section 1361 "only grants jurisdiction to consider a mandamus action; it does not grant jurisdiction to consider actions asking for other types of relief. . . ."[65] Because Plaintiff invokes the Court's jurisdiction solely under § 1361, the Court lacks jurisdiction to render declaratory relief.[66] Accordingly, this claim is dismissed for lack of subject matter jurisdiction.[67]

As to the remainder of the forgoing claims, Plaintiff has failed to sufficiently plead standing, and he has failed to sufficiently plead a claim for mandamus. As to standing, Plaintiff has failed to allege he has suffered any injury due to the Agency's allegedly deficient actions. Rather, Plaintiff merely pleads various failures of the Agency to comply with assorted unidentified duties presumably owed to him as an attorney representing claimants before the Agency. While at the pleading stage "general factual allegations of injury resulting from the defendant's conduct may suffice" to establish standing, in this matter Plaintiff has not pled any general injury

---

[63] *Spokeo* at 338; *Lujan* at 560-61.
[64] *Stallworth v. Bryant*, 936 F.3d 224, 230 (5th Cir. 2019) (alterations in original) (quoting *Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017)).
[65] *Wolcott*, 635 F.3d at 766.
[66] Although Plaintiff additionally purports to assert jurisdiction under the APA, as correctly noted in the R&R, the APA "does not create an independent grant of jurisdiction to bring suit." *See* ECF No. 10 at 9 (quoting *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 152 n.13 (5th Cir. 1998)).
[67] *Wolcott* at 767.

supporting his claim.[68] "A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing."[69] As to mandamus, Plaintiff has failed to plead facts and law showing that he has a clear right to relief, that Defendant has a clear duty to act, and that no other adequate remedy exists. Accordingly, these claims are dismissed pursuant to Rule 12(b)(1) and (b)(6).

### C. Claims brought under the Administrative Procedure Act

#### 1. Applicable Law

"It is well settled that the United States may not be sued except to the extent that it has consented to suit by statute."[70] The Administrative Procedure Act, 5 U.S.C. §§ 701-706, "waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review."[71] If a plaintiff cannot meet the requirements of the APA, the suit must be dismissed.[72] Waiver of the Government's sovereign immunity is strictly construed in favor of the sovereign.[73] Relevant here, section 702 of the APA provides for judicial review for "person[s] suffering legal wrong because of agency action."[74] In order for a court to conclude there has been a waiver of sovereign immunity, "the 'agency action'

---

[68] *Lujan*, 504 U.S. at 561.
[69] *Hotze v. v. Burwell*, 784 F.3d 984, 993 (5th Cir. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990)).
[70] *Alabama-Coushatta Tribe of Texas v. United States*, 757 F.3d 484, 488 (5th Cir. 2014) (quoting *Koehler v. United States*, 153 F.3d 263, 265 (5th Cir. 1998)).
[71] *Id.* (quoting *Sheehan v. Army & Air Force Exch. Serv.*, 619 F.2d 1132, 1139 (5th Cir. 1980), *rev'd on other grounds*, 456 U.S. 728 (1982)).
[72] *Id.*
[73] *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).
[74] 5 U.S.C. § 702.

complained of must be '*final* agency action.'"[75] The core question when determining whether an agency action is final is "whether the agency has completed its decisionmaking process." [76]

### 2. Analysis

The Magistrate Judge recommended that to the extent Plaintiff's claims are asserted under the APA, they should be dismissed for lack of subject matter jurisdiction because Plaintiff does not seek judicial review of "final agency actions for which there is no other adequate remedy in a court" as required under the APA.[77] Plaintiff objects to this portion of the R&R only "with respect to the claims of Leehans and Nelson," arguing the Magistrate Judge "is clearly wrong in determining that final agency action is not involved."[78] As the Court has found Plaintiff does not have prudential standing to assert the legal rights or interests of third parties,[79] the only claim remaining before the Court with respect to the claims of Leehans and Nelson is found in that portion of the claim filed in connection with Leehans, which requests notice as follows: "Plaintiff demands Judgment finding the Agency unlawfully withheld action on this claim and directing the Agency to process and decide Leehans['] appeal *and thereafter provide appropriate Notice to Plaintiff*."[80] The Court agrees with the Magistrate Judge that final agency action has not been alleged. Under the APA, "an action is final if it both (1) marks the consummation of the agency's decisionmaking process and (2) is one by which rights or obligations have been determined, or

---

[75] *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61–62 (2004) (quoting 5 U.S.C. § 704); *Alabama-Coushatta Tribe of Texas*, 757 F.3d at 489.
[76] *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992); *see also* 5 U.S.C. § 704 ("[F]inal agency action for which there is no other adequate remedy in a court [is] subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.")
[77] ECF No. 10 at 9; 5 U.S.C. § 704.
[78] ECF No. 11-1 at 2
[79] *See* Section III(B)(2)(a), *supra*.
[80] ECF No. 1 at 5, ¶ 14 (emphasis added).

from which legal consequences will flow."[81] Plaintiff has failed to demonstrate that any purported failure of the Agency to provide him with notice constitutes "final agency action." Accordingly, the Court finds Plaintiff has failed to state a cause of action under the APA, and therefore, Plaintiff's claims brought under the APA are dismissed.

### IV.
#### CONCLUSION

For the reasons set forth herein, Defendant's Motion to Dismiss [ECF No. 5] is GRANTED IN PART and DENIED IN PART as follows: the motion is denied as moot with regard to the claims set forth at paragraphs 7, 9, 10, 15 and 17 of the Complaint; the motion is granted in all other respects.

THUS DONE in Chambers on this 30th day of March, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT COURT

---

[81] *Smith v. Berryhill*, 139 S.Ct. 1765, 1775 (2019) (internal quotation marks, alterations omitted) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)) (In the Social Security context, these conditions are satisfied when a "claimant has reached the fourth and final step of the SSA's four-step process," and the claimant's rights or obligations are determined, or legal consequences will flow from the agency's action.).